Case 87—PETITION EQUITY—May 3.

# Bent & Co. v. Barnett, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

IMPROVEMENT BY GUARDIAN OF WARD'S REAL ESTATE—RIGHT OF CON-
TRACTOR TO SUBJECT INCREASE, IN RENTS.—Where the property of
wards had been enhanced in value by improvements erected under a con-
tract made by the guardian in good faith for the benefit of the wards, and
it was held upon a former appeal that, although the guardian had no
power to make the contract, the contractors might subject the rents of
the property to the payment of the actual cost of the improvements
to the extent that they had been increased by reason of the improve-
ments, the fact that it now appears that by reason of the decline in busi-
ness or from other causes there has been such a falling off in the rents
that they are very little in excess of what they were prior to the
making of the improvements, does not entitle the contractors to appor-
tion the rent so as to throw upon the infants any part of the burden of
the loss. The contractors can subject only the amount in excess of
that which the property yielded before the improvements were made.

STONE & SUDDUTH FOR APPELLANTS.

1. Under the opinion of this court on the former appeal holding that the
   claim of Bent & Co. should be paid out of the enhanced rental value
   of the property by reason of the improvements (90 Ky., 610), the time
   at which the enhanced rental value should be estimated and determined
   is immediately following the completion of the improvements, and
   not, as counsel for Barnett's Heirs contend, as of this date after the
   lapse of seventeen years from the time said building was finished.
2. The proof is clear and satisfactory that all the rental value of the
   property after it was improved *was enhanced rental value*, resulting
   directly and wholly from the work and labor and materials furnished
   in the new building.

THOMAS F. HARGIS OF COUNSEL ON SAME SIDE.

JOHN S. JACKMAN FOR APPELLEES.

1. The infant wards can only be charged upon the idea that they received
   a benefit, and the proof showing the benefit in such cases should be
   clear and positive, which is certainly lacking in the present case.
   (Bent & Co. v. Barnett, 90 Ky., 600; Hobbs v. Harlan, 10 Lea (Tenn).,
   280.)
2. The order allowing appellees to withdraw the interest until appellants

established their claim was not a final order. (Helm v. Short, 7 Bush, 623; Neal v. Thomasson, 7 Ky. Law Rep., 444; Lewis v. Melvin, 6 Ky. Law Rep., 639.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case has been heretofore in this court, and the judgment reversed, that the appellants might recover the enhanced rental value of the property by reason of the large expenditure made by them on appellees' property, the pleadings conducing to show that the increase in rental was almost double that of the old building.

The opinion was not based on the idea that the guardian had the power to make contracts that would involve his wards in debt or subject their estate to the liens of the builders, but for the reason that the guardian and the appellants were acting in good faith, and to give to the wards the proceeds of their labor and the material furnished without any consideration whatever, would be inequitable and unjust, when the rights of the infants, by giving the enhanced value of the rents, could in no wise be prejudiced.

They had improved the building under these contracts with the guardian at a cost of near $22,000, when it now appears from the testimony that the property has been sold, the ground upon which the building stands being valued at $550 or $500 per front foot, being twenty-five feet, and the improvements at less than $10,000.

It is evident from the facts before us that an expenditure of three or four thousand dollars would have been sufficient to have remodeled the structure or to have placed it in such condition as its rental would have been equal to the improvement, costing over $20,000. Those connected with the Fidelity Trust and Safety Vault Company, and

* 90 Ky., 600.

having charge of this property, state that since August, 1890, after deducting the yearly necessary expenses on the property, taxes, insurance, etc., there was a net rental of $1,145 per year, a part only of which went to these appellees.

The building after its improvement never exceeded in rental value, $2,000. From the year 1876 to the date of sale, a period of fourteen or fifteen years, the wards, who are now adults, did not receive in the way of net rental a sum exceeding five or six hundred dollars per annum. The old building at the time it was vacated was renting for $2,500 per annum, and it may well be argued from this proof that the old building would have rented for as much as the new building, but whether so or not is immaterial. It may be conceded that the decline in business, or its transit from that part of the city to more favorable locations, has caused this falling off in the rent, still these owners of the property are not in law or equity required to share their burden of the loss.

This case was placed distinctly upon the ground that by giving to the appellants the enhanced value of the rents, it would leave the rights of the appellees undisturbed, giving to them the rent they had been receiving, and placing them in the possession of a new building. We are now asked to apportion this small rental between these parties, when the appellants have no right whatever to be heard, except such as arises from a plain equity that would give them a small pittance for their labor, and injures no one else. The facts when made to appear present no such case, and the chancellor acted properly in refusing to encumber the property of the appellees and in dismissing the claim of the appellants. The judgments below are affirmed.